**FILED**

JAN 1 4 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GERLING GLOBAL REINSURANCE CORP. OF AMERICA et al., | |
| | NO. CIV. S-00-0506 WBS JFM |
| Plaintiffs, | |
| | Consolidated Cases: |
| v. | No. CIV. S-00-0613 WBS JFM |
| HARRY LOW, in his capacity as the INSURANCE COMMISSIONER OF | No. CIV. S-00-0779 WBS JFM |
| THE STATE OF CALIFORNIA, | No. CIV. S-00-0875 WBS JFM |
| Defendant. | MEMORANDUM AND ORDER |

----oo0oo----

Following this court's grant of summary judgment in plaintiffs' favor, plaintiffs brought this motion for attorney's fees under 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and Local Rule 54-293.  Plaintiffs seek only a determination that they are entitled to attorney's fees.  (Order of October 31, 2001.)  The parties have stipulated that if the court determines that plaintiffs are entitled to attorney's fees the amount of the fees will be determined after the pending appeal of this court's grant of summary judgment is resolved.  (Id.; Am. Notice of Appeal.)

1

265

DISCUSSION

Section 1988 of Title 42 of the United States Code provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ."  42 U.S.C. § 1988(b).

A.  Prevailing Party

Plaintiffs are prevailing parties for purposes of section 1988.  The court granted summary judgment in favor of plaintiffs, and issued a permanent injunction against defendant, altering the legal relationship between them.  The court's ruling directly benefits the plaintiffs, and awards them all relief sought in this action.  See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989); Gilbrook v. City of Westminster, 177 F.3d 839, 872 n. 17 (9th Cir. 1999).

It is not premature for the court to decide whether plaintiffs are entitled to a fee award simply because an appeal is still pending. "It is well settled that attorney's fees may be awarded prior to the ultimate conclusion of a lawsuit." Herrington v. County of Sonoma, 883 F.2d 739 (9th Cir. 1989); Gerling Global v. Nelson 123 F. Supp. 2d 1298 (N.D. Fla. 2000)(finding that the plaintiffs were entitled to attorney's fees as prevailing parties despite a pending appeal of the district court's judgment).  Moreover, Local Rule 54-293(a) effectively compels a pre-appeal motion for attorney's fees, because it requires prevailing parties to file a motion for an award of attorney's fees not later than thirty (30) days after entry of final judgment.  Local Rule 54-293(a).

1    Nor does the fact that plaintiffs have filed a cross-
2  appeal diminish their status as prevailing parties.  The Ninth
3  Circuit has upheld fee awards to parties who prevailed on only
4  one ground; the fact that the plaintiffs did not succeed on the
5  other grounds that formed the basis of the lawsuit will not bar a
6  fee award.  See Passatino v. Johnson & Johnson Consumer Prods.
7  Inc., 212 F.3d 493, 518 (9th Cir. 2000)(upholding district court
8  decision to award fees to Title VII plaintiff who prevailed on
9  retaliation claim, but not on discrimination claim or claim for
10 injunctive relief).

11 B. Special Circumstances

12    The prevailing party in a civil rights action "should
13 ordinarily recover an attorney's fee unless special circumstances
14 would render such an award unjust."  Newman v. Piggie Park
15 Enterprises, Inc., 390 U.S. 400 (1968).  The court must examine
16 "two factors in determining whether a case involves a 'special
17 circumstance' justifying the denial of fees: (1) whether allowing
18 attorney fees would further the purposes of § 1988, and (2)
19 whether the balance of equities favors or disfavors the denial of
20 fees."  Gilbrook v. City of Westminster, 177 F.3d 839 (9th Cir.
21 1999).  The defendant has the burden of showing special
22 circumstances warrant a denial of fees, and the defendant's
23 showing must be a strong one.  Herrington v. County of Sonoma,
24 883 F.2d 739, 744 (9th Cir. 1989).

25    1.   Purposes of Section 1988

26    The court has no doubt that awarding attorney's fees to
27 plaintiffs in this case would further the purposes of section
28 1988.  "The congressional purpose in providing attorney's fees in

3

1  civil rights cases was to eliminate financial barriers to the
2  vindication of constitutional rights and to stimulate voluntary
3  compliance with the law."   <u>Seattle Sch. Dist. v. State of</u>
4  <u>Washington</u>, 633 F.2d 1338, 1348 (9th Cir. 1980).   Defendant
5  argues that because plaintiffs "are not average citizens [or]
6  underprivileged, they face no obstacles in vindicating their
7  rights," and therefore no purpose is served by an award of
8  attorney's fees. (Def's Opp'n at 15).

9       The Ninth Circuit, however, rejected this very argument
10 in <u>Herrington v. County of Sonoma</u>, 883 F.2d 739 (9th Cir. 1989),
11 when it held that a plaintiff's financial ability to retain
12 private counsel, as well as a plaintiff's financial interest in
13 the outcome of the litigation, are not special circumstances
14 necessitating denial of a fee request.   <u>Id.</u> at 744.   The court
15 found that a "major goal of § 1988, to encourage voluntary
16 compliance with the Constitution by governmental entities, is
17 furthered regardless of these factors."   <u>Id.</u> at 744-45; <u>Ackerley</u>
18 <u>Communications, Inc. v. City of Salem</u>, 752 F.2d 1395, 1396 (9th
19 Cir. 1985).   Thus, courts have awarded attorney's fees where the
20 only purpose served by such an award is the deterrent purpose of
21 section 1988.   See <u>Ackerley</u>, 752 F.2d at 1396.

22       Awarding plaintiffs attorney's fees here would serve
23 the purpose of deterring lawmakers from enacting unconstitutional
24 legislation in the future.   The HVIRA was passed by the
25 California legislature even though questions had been raised
26 about its constitutionality.  (Pl's Mot. Entitlement Attorney's
27 Fees Ex. B, C.)   An award of attorney's fees would encourage the
28 California legislature in the future to give more serious

1  consideration to constitutional issues raised by proposed
2  legislation than it did in this case.

3      2.   <u>Balance of Equities</u>

4        However, the inquiry does not end there.  The court
5  must also balance the equities.  In a case very similar on its
6  facts to the case here, another court in this Circuit found that
7  an award of fees was unjust because (1) the defendant government
8  officials acted in good faith; (2) defendants had not enforced
9  the unconstitutional statute, and their willingness to do so
10 merely reflected the minimum that their oaths of office required;
11 (3) there was no way for the defendants to settle the case by
12 agreement and avoid running up fees because state legislation is
13 presumed constitutional until the contrary is shown; (4) the
14 plaintiffs won no relief under section 1983 that was not already
15 awarded under the plaintiffs' other constitutional claims; (5) no
16 award was needed to serve the purposes of section 1988 to assure
17 effective access to the judicial process or to deter legislative
18 bodies from enacting unconstitutional legislation, because the
19 statute in question was passed by voter initiative; and (6) the
20 matter was one of first impression in federal court and the
21 public interest required it to be adjudicated through a full
22 adversary process, and the defendants did nothing to increase the
23 costs of litigation beyond what was necessary.  <u>Thorsted v.</u>
24 <u>Gregoire</u>, 841 F. Supp. 1068 (W.D. Wash. 1994).  The district
25 court's determination was affirmed by the Ninth Circuit in
26 <u>Thorsted v. Munro</u>, 75 F.3d 454 (9th Cir. 1996).

27       On balance, the circumstances in this case are more
28 similar than they are dissimilar to the circumstances in

1  Thorsted.   Defendant did not act in bad faith.   As Insurance
2  Commissioner for the State of California, he was bound by the
3  California Constitution to presume the constitutionality of HVIRA
4  and to enforce it "unless an appellate court has made a
5  determination that such a statute is unconstitutional . . . [or]
6  that the enforcement of such statute is prohibited by federal law
7  or federal regulations."   Cal. Const. art 20 §3.5.   Like the
8  defendant officials in Thorsted, defendant delayed enforcing the
9  unconstitutional statute, and his willingness to enforce the
10 statute, like that of the defendants in Thorsted, can be said to
11 reflect "only the minimum [his oath] of office requires."
12 Thorsted, 841 F. Supp. at 1084.   Also, as in Thorsted, defendant
13 here could not have settled the case by agreement, because state
14 legislation is presumed constitutional and defendant does not
15 have the authority to declare it otherwise until a court of
16 appeal has issued a decision.   See Cal. Const. art 3 § 3.5.

17          The Thorsted court also found it persuasive that the
18 plaintiffs won no relief under their section 1983 claim that had
19 not already been awarded under their other constitutional claims
20 for which attorney's fees would not have been available.
21 Plaintiffs here sued defendant under section 1983 and under the
22 Declaratory Judgment Act, both of which permitted the court to
23 declare the HVIRA unconstitutional, and to permanently enjoin the
24 statute's enforcement. (Gerling Compl. at 3, 14-15.)   Defendants
25 correctly point out that the Declaratory Judgment Act does not
26 provide for attorney's fees.   Section 1983 thus offers plaintiffs
27 no more and no less relief than the Declaratory Judgment Act,
28 save for attorney's fees.

6

1          Plaintiffs argue that they brought a section 1983 claim
2  in addition to a claim for declaratory relief not because they
3  wanted to obtain  attorney's fees, but because they wanted to
4  ensure that they would be able to enjoin the enforcement of
5  HVIRA.   Plaintiffs contend that while injunctive relief is "not
6  the primary remedy available under the [Declaratory Relief] Act .
7  . . injunctions against state officers lie at the heart of
8  section 1983."  (Pl's Joint Reply at 8).  However, under both
9  statutes, the grant of injunctive relief is discretionary with
10 the district court.  See Gallinot, 657 F.2d at 1024 ("The
11 declaratory remedy is committed to the sound discretion of the
12 court"); Goldie's Book Store, Inc. v. Superior Court, 739 F.2d
13 466 (9th Cir. 1984)(reviewing grant of injunctive relief under
14 section 1983 for abuse of discretion).  Moreover, at no time
15 during this litigation did this court distinguish between section
16 1983 and the Declaratory Judgment Act when considering whether to
17 award injunctive relief to plaintiffs.  Because plaintiffs had at
18 their disposal a legal mechanism and the financial wherewithal to
19 litigate their claims for declaratory and injunctive relief
20 without the benefit of section 1983, an award of attorney's fees
21 is not as compelling in this case as it might be in others.

22         The only significant distinction between the
23 circumstances of this case and those in Thorsted which impresses
24 the court is the fact that the law under attack in Thorsted was
25 an initiative, whereas the assailed legislation in this case was
26 passed by the legislature.  Presumably, awarding attorney's fees
27 to the prevailing party in that case would not have had the same
28 deterrent effect on the electorate as it would have upon the

7

state legislators in this case.  But the court does not find that
distinction to be strong enough to compel a result in this case
contrary to that reached in <u>Thorsted</u>.  In order for there to be
predictability in the law, similar circumstances should lead to
similar results, regardless of what court hears the case or the
predisposition of the individual judge who decides it.  This case
is sufficiently similar to <u>Thorsted</u> to lead this court to reach a
similar result here.

         IT IS THEREFORE ORDERED that plaintiffs' motion for
attorney's fees be, and the same hereby is, DENIED.

DATED: January 11, 2002

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8

United States District Court
for the
Eastern District of California
January 14, 2002


* * CERTIFICATE OF SERVICE * *


                              2:00-cv-00506
                              2:00-cv-00613
                              2:00-cv-00779
                              2:00-cv-00875


Gerling Global

      v.

Quackenbush

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  January 14, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Louis H Castoria                      SH/WBS
        Wilson Elser Moskowitz Edelman and Dicker
        650 California Street
        Suite 1400
        San Francisco, CA  94108

        Debra S Sturmer
        Wilson Elser Moskowitz Edelman and Dicker
        650 California Street
        Suite 1400
        San Francisco, CA  94108

        James P Donovan
        PRO HAC VICE
        Wilson Elser Moskowitz Edelman and Dicker
        150 East 42nd Street
        23rd Floor
        New York, NY  10017

Frederick W Reif
PRO HAC VICE
Wilson Elser Moskowitz Edelman and Dicker
150 East 42nd Street
23rd Floor
New York, NY   10017

Frank Kaplan
Alschuler Grossman and Pines
2049 Century Park East
Thirty Ninth Floor
Los Angeles, CA   90067-3213

Andrew W Stroud
Mennemeier Glassman and Stroud
980 Ninth Street
Suite 1700
Sacramento, CA   95814-2737

David A Lash
NOT EDCA ADMITTED
Bet Tzedek Legal Services
145 South Fairfax Avenue
Suite 200
Los Angeles, CA   90036

K Greg Peterson
Law Office of K Greg Peterson
PO Box 254451
Sacramento, CA   95825

Thomas G Corcoran
PRO HAC VICE
Berliner Corcoran and Rowe
1101 17th Street NW
Suite 1100
Washington, DC   20036-4798

Peter Heidenberger
PRO HAC VICE
Berliner Corcoran and Rowe
1101 17th Street NW
Suite 1100
Washington, DC   20036-4798

Daniel Lawrence Siegel
Attorney General's Office of the State of California
PO Box 944255
1300 I Street
Suite 125
Sacramento, CA   94244-2550

Michael W McConnell
PRO HAC VICE
Mayer Brown and Platt
190 South La Salle Street
Chicago, IL   60603

Stephen M Shapiro
PRO HAC VICE
Mayer Brown and Platt
190 South La Salle Street
Chicago, IL  60603

Neil M Soltman
Mayer Brown and Platt
350 South Grand Avenue
25th Floor
Los Angeles, CA  90071-1503

Kenneth S Geller
PRO HAC VICE
Mayer Brown and Platt
1909 K Street NW
Washington, DC  20006

Martin S Checov
O'Melveny and Myers
275 Battery Street
26th Floor
San Francisco, CA  94111-3305

Chandra L Gooding
Milbank Tweed Handley and McCloy
601 South Figueroa Street
30th Floor
Los Angeles, CA  90017

Peter Simshauser
Skadden Arps Slate Meagher and Flom
300 South Grand Avenue
Suite 3400
Los Angeles, CA  90071-3144

Jack L. Wagner, Clerk

BY:

Deputy Clerk