1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and MUNICH REINSURANCE AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN GARAMENDI, in his capacity as the INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA, <br><br> Defendant. | CASE NO. S-00-0613 WBS JFM <br><br> **ORDER** <br><br> Date:       February 12, 2007 <br> Time:       1:30 p.m. <br> Courtroom:  Hon. William B. Shubb |
| GERLING GLOBAL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN GARAMENDI, in his capacity as the INSURANCE COMMISSIONER OF THE STATE OF CALIFORNIA, <br><br> Defendant. | CASE NO. S-00-0506 WBS JFM |

ALSCHULER GROSSMAN LLP

28702781

CIV S-00-0506 WBS JFM

PDF created with pdfFactory trial version www.pdffactory.com

On April 24, 2006, at a status conference, the District Court appointed the Honorable Daniel Weinstein, Judge (retired), to serve as a special master in connection with the Plaintiffs' then yet-to-be filed motions for attorneys' fees and costs. The District Court at that time reserved decision on what questions would be submitted to the special master for a report and recommendation to the District Court.

The District Court held another status conference on February 12, 2007 concerning the scope of the special master's report and recommendation.

On February 26, 2007, with the District Court's approval, the parties agreed that the Honorable James L. Warren, Judge (retired), would replace Judge Weinstein as special master in connection with plaintiffs' pending motion for attorneys' fees and costs.

Having heard and considered the parties' views as to the scope of the matters to be addressed by the special master, the Court hereby orders as follows:

1. The special master, on or by April 20, 2007, shall issue a report and recommendation to this Court as to the reasonable rates and the reasonable number of hours to be applied to various categories and subcategories of work on which there is currently a dispute as to the reasonable rates and reasonable hours. The specific categories and subcategories to be covered by the special master's report and recommendation as to reasonable hours are limited to those put at issue by Insurance Commissioner Garamendi (the "Commissioner") in the January 23, 2007 Supplemental Declaration of Frank Kaplan in Opposition to AIA's Motion for Attorneys' Fees and Costs, which include only the following categories and subcategories of fees incurred by plaintiffs:

    a.    Plaintiffs' Preliminary Injunction Motion;

    b.    Plaintiffs' Complaint;

    c.    Plaintiffs' Opposition to the Commissioner's Motion to Dismiss;

    d.    Oral Argument on Plaintiffs' Preliminary Injunction Motion;

PDF created with pdfFactory trial version www.pdffactory.com

e. Plaintiffs' Opposition Brief to the Commissioner's Preliminary Injunction Appeal;

f. Oral Argument on the Commissioner's Appeal of the Grant of Plaintiffs' Preliminary Injunction Motion;

g. Plaintiffs' Petition for Rehearing of the Preliminary Injunction Appeal decision;

h. Plaintiffs' Petition for a Writ of Certiorari following the Ninth Circuit's Ruling on the Preliminary Injunction Appeal;

i. Summary Judgment Papers;

j. Briefing of the Summary Judgment Appeal and Cross-Appeal;

k. Oral Argument on the Summary Judgment Appeal;

l. Plaintiffs' Petition for Rehearing of the Summary Judgment Appeal decision;

m. Plaintiffs' Petition for a Writ of Certiorari following the Ninth Circuit's Ruling on the Summary Judgment Appeal;

n. Plaintiffs' Merits Briefing at the Supreme Court;

o. Plaintiffs' Motion to Stay Mandate following the Ninth Circuit's Ruling on the Summary Judgment Appeal;

p. Plaintiffs' First Motion for Attorneys' Fees following this Court's grant of their Summary Judgment Motion;

q. Plaintiffs' Second Motion for Attorneys' Fees following the U.S. Supreme Court's decision in their favor;

r. Oral Argument before this Court on Plaintiffs' Second Motion for Attorneys' Fees following the U.S. Supreme Court's decision in their favor;

s. Plaintiffs' Opposition to the Commissioner's Request for a Stay following the Ninth Circuit's determination that Plaintiffs' were entitled to attorneys' fees;

1     t. Plaintiffs' Opposition to the Commissioner's "Comeback" Motion following this Court's grant of Plaintiffs' Motion for Summary Judgment;

    u. Plaintiffs' Opposition to the Commissioner's "Comeback" Motion following this Court's denial of Plaintiffs' Second Motion for Attorneys' Fees following the U.S. Supreme Court's decision in their favor;

    v. Plaintiffs' responses to discovery propounded by the Commissioner following this Court's issuance of a preliminary injunction order;

    w. Deposition of Craig Berrington;

    x. July 31, 2000 Status Conference;

    y. Attendance at Oral Argument before the Supreme Court;

    z. Hearing on the Winterthur Rule 60(b)(5) Motion;

    aa. Plaintiffs' Pro Hac Vice Applications.

  2. The special master shall also recommend the reasonable rates that may be applied to any category of work for which Plaintiffs seek compensation.

  3. The Commissioner has also contended in his opposition to the fee request that certain categories of work not listed above are not compensable at all, that the District Court should reduce the fee request because of vague billing, block billing, and billing in quarter hour increments, and that the District Court should apply an overall percentage reduction to Plaintiffs' fee request. The Commissioner has reserved the right to assert those contentions to the District Court, and Plaintiffs reserve the right to challenge any such contentions.

///
///
///
///

4. The District Court will hold a hearing on May 14, 2007 at 1:30 p.m. to consider the special master's report and recommendation and the reasonable amount of fees and costs to be awarded to Plaintiffs.

Dated: March 12, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Presented by:

Alschuler Grossman LP

By: /s/FRANK KAPLAN (authorized 3/8/2007)
    Frank Kaplan
Attorneys for Defendant

Mayer Brown Rowe & Maw LLP

By: /s/ MATTHEW H. MARMOLEJO
    Matthew H. Marmolejo
Attorneys for Plaintiffs